Case 19-50738-BLS

**FILED**

**2019 NOV 19 AM 9:40**

THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

CLERK
U.S. BANKRUPTCY COURT
DISTRICT OF DELAWARE

Re: Woodbridge Group of Companies, LLC, et al.,

Michael Goldberg, as Liquidating Trustee of the
Woodbridge Liquidation Trust, successor in interest
To the estates of Woodbridge Group of Companies, LLC, et al.,

    Plaintiff,

v.

Vicki L Wickwire, In her capacity as Trustee of the
Pauline A. Conley Irrevocable Trust, Pauline A. Conley

    Defendant,

**RESPONSE TO COMPLAINT FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL AND FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. && 544, 547, 548, & 550**

Plaintiff has filed a complaint against the Pauline A. Conley Irrevocable Trust which no longer exists and therefore Vicki L. Wickwire ceased to act as Trustee at the time the Trust closed and the assets distributed according to the directions of the Trust. THEREFORE, the defendant denies the validity of the Plaintiff claim for relief based on the aforementioned and the following:

## Background

The Pauline A. Conley Irrevocable Trust entered into an agreement with Woodbridge to loan to Woodbridge monies for a period of one year. The check in the amount of $100,000 was mailed to Woodbridge on July 12, 2016. According to the contract with Woodbridge the loan could be withdrawn at the end of one year or the loan could be renewed at an increased rate of interest. On August 17, 2016, Woodbridge Mortgage Investment Fund 3A, LLC, issued, and signed ( by Robert Reed, Its Authorized Representative ) a Promissory Note with obligation to repay the Loan to the Pauline A. Conley Irrevocable Trust at the end of one year unless the Trust specifically requested to renew the loan. At the close of the contract year, on August 14, 2017, the Pauline A. Conley Irrevocable Trust Trustee, Vicki L. Wickwire, requested that Woodbridge return the Loaned amount to the Trust. Subsequently, the check, committing the return of the loan owed to the Irrevocable Trust, was issued on August 14, 2017. Therefore, the business and

transactions conducted by the investment firm (ie; Woodbridge ) and the Pauline A. Conley Irrevocable Trust transpired according to regular business practices of conduct as executed in the investment industry at large. Subsequently, Woodbridge filed for Bankruptcy on December 4, 2017, **112** days following the committing of the funds. When a check is issued and printed, accounting software records the transaction as a payment in the general ledger bank account and deducts the amount from the bank balance.

## Subsequent Actions

On December 27, 2016, Pauline A. Conley, the Trustor of the Pauline A. Conley Irrevocable Trust passed away, therefore, when the one year loan obligation with the Woodbridge Investment Companies concluded in early August of 2017, the request for the return of the loan was issued to Woodbridge. Trustee had no knowledge of any investigations or adverse actions regarding the Woodbridge Companies. When the loan was returned to the Pauline A. Conley Irrevocable Trust the Trustee was obligated to fulfill the directions of the Trust by distributing the assets of the trust according to the directions of the Trustor as outlined in the Trust document. This action was completed on October 25, 2017. Therefore, the Pauline A. Conley Irrevocable Trust was closed and dissolved at that time and Vicki L. Wickwire no longer maintained responsibility for managing the Trust.

Wherefore, based on the above outlined information and facts, Defendant prays for judgement as follows:

1. For a determination that the transfer of the principle was not a preferential payment but rather the repayment of a loan called for at the end of a contract period according to normal investment industry practices.

2. For a determination that the interest on the loan paid over the course of the contract was earned interest according to the regular business investment practices in the investment industry.

3. For a determination that a complaint against a closed and dissolved entity, ( ie; The Pauline A. Conley Irrevocable Trust ) with no residual assets, and a resigned Trustee is invalid and that no costs are applicable to the defendant.

Dated: November 15, 2019                    Vicki L. Wickwire
                                            Former Trustee; The Pauline A.
                                            Conley Irrevocable Trust