Case 19-50738-BLS

**FILED**

THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE 2020 OCT 27  AM 10: 02

Re: Woodbridge Group of Companies, LLC, et al.,

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

Michael Goldberg, as Liquidating Trustee of the
Woodbridge Liquidation Trust, successor in interest
To the estates of Woodbridge Group of Companies, LLC, et al.,

    Plaintiff,

v.

Vicki L Wickwire, In her capacity as Trustee of the
Pauline A. Conley Irrevocable Trust, Pauline A. Conley

    Defendant,

**RESPONSE TO SCHEDULING ORDER**

Point number 2. Of the Scheduling order indicates "The above-captioned adversary proceedings are assigned to mediation pursuant to Local Rule 9019-5."

Due to recent contact with Jeffrey Nolan of Pachulski, Stang, Ziehl & Jones LLP, (hereafter Mr. Jeffrey Nolan) it was discovered that they had an incorrect address for the defendant and thus his correspondence regarding request for documents and responses and updates over the last months were not received by the defendant. The actual order from the court was received September 19, 2020, but time for response was already lapsed. It was not until Mr. Jeffrey Nolan left defendant a voice mail on her cell phone in September, 2020 asking her to please return the call (which was done) that both were made aware of the incorrect address. Mr. Nolan was gracious and explained what information and documentation was needed right away by defendant that would help in bringing closure to this matter. Defendant sent a certificate of death of the Grantor as well as documentation via email (jnolan@pszjlaw.com) to Mr. Jeffrey Nolan substantiating the close of the trust and validating the facts listed in the initial response letter defendant wrote, dated November 15th, 2019, sent to the court in regards to the complaint. Mr. Nolan affirmed he had received the initial letter from the Court and would be in touch soon with defendant once documents were received by him and reviewed by all concerned parties.

Per the initial response to the complaint dated November 15, 2019, there remains no change since the Pauline A. Conley Irrevocable Trust (hereafter, the Trust) has not existed since October 25, 2017. At that time the trust was closed and thus dissolved, in good faith, with no

knowledge that Woodbridge was in financial difficulty. The terms of the general normal business contract with Woodbridge had been fulfilled and thus the terms of the Trust were also fulfilled and all assets were distributed to fulfill expenses and beneficiary obligations. Subsequent to October 25, 2017, there have not been any residual assets in the Trust as the Trust was dissolved.

Since the Complaint is seeking assets and no assets exist, defendant, would respectfully request therefore, as former Trustee of the Trust, that the court allow Mr. Jeff Nolan to continue the direct communication and proceed with closure on this matter.

Dated: October 7, 2020                             Vicki L. Wickwire
                                                   Former Trustee; The Pauline A.
                                                   Conley Irrevocable Trust